IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GABRIEL M. ROSS**                                                                              **PETITIONER**

**VERSUS**                                                           **Civil Action No. 1:13-cv-70-HSO-RHW**

**SUPERINTENDENT RON KING**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] the petition for writ of habeas corpus signed by Gabriel Ross on March 7, 2013 and filed by the Clerk on March 13, 2013, [8] Ross's June 28, 2013 amended petition, and [11] Respondent's July 25, 2013 motion to dismiss the petition as time-barred pursuant to 28 U.S.C. §2244(d).  Ross has filed neither a response to the motion, nor any request for additional time to do so.  Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and the federal habeas petition, dismissed.

## FACTS AND PROCEDURAL HISTORY

Gabriel Ross is currently in custody of the Mississippi Department of Corrections (MDOC) at Leakesville, Mississippi, serving a ten year sentence for convictions of statutory rape and touching of a child for lustful purposes.  Ross pled guilty to the crimes on August 3, 2010. Because he pled guilty, Ross was not entitled to an appeal, and his judgment became final on August 3, 2010.  On October 1, 2010, Ross filed a motion in the trial court for reconsideration of his sentence [11-3], which the trial court denied on December 3, 2010.  Ross did not appeal that ruling.  On December 10, 2010, Ross requested a copy of his records from the trial court which,

according to the case history, the trial court sent to Ross.  [11-5]  Nothing before the Court indicates that Ross filed anything more until he filed the instant habeas petition in March 2013.

Ross challenges the judgment of the Harrison County Circuit Court on grounds that he was denied a fast and speedy trial, was coerced into pleading guilty, and received ineffective assistance of counsel.  He has also alleged actual innocence, claiming there is DNA evidence that exonerates him.  Ross claims he is incompetent in his ability to read and write, takes medications for psychoses and neuroses, and has been diagnosed with schizophrenic disorders since 1997.  On July 25, 2013, Respondent moved the Court to dismiss the habeas petition as time-barred under 28 U.S.C. §2244(d).  As previously stated, Ross has filed no response.

## LAW AND ANALYSIS

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Ross pled guilty, he was not entitled to an appeal and his judgment became final on August 3, 2010, the date of his guilty plea/sentence, and the one-year limitation for filing a federal habeas petition began to run.  Absent some tolling of the limitations period, Ross's time for filing a federal habeas petition expired August 3, 2011.  28 U.S.C. § 2244(d)(1)(A).

The above statute provides for tolling of the limitations period during the pendency of a "properly filed application for State post-conviction or other collateral review," but neither an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period affects the one-year time-bar for federal habeas relief.  *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998).  All Ross filed within the one-year period following his convictions was a motion for reconsideration of sentence.  [11-3]  While it does not appear that the trial court treated this as a motion for post-conviction collateral relief [11-4], even if it were deemed to be such, and the limitations period tolled during the pendency of that motion until it was denied in December 2010, Ross's habeas petition would still be time-barred.  28 U.S.C. § 2244(d)(2)  Under the mailbox rule, at the earliest, Ross filed his petition on March 7, 2013, the date he signed it, well over two years after the trial court denied his motion for reconsideration.

Furthermore, Ross has not demonstrated that he is entitled to any equitable tolling.  The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances."  *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Felder*, 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control;

delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, Ross had the burden to show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). Ross has failed to carry his burden to establish either of these elements. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

To the extent that Ross is attempting to avoid the consequences of expiration of the statute of limitations with his claim of actual innocence, the undersigned notes that despite his allegation, Ross has done nothing to show that he is innocent of the crimes to which he pled guilty, much less prove that he is actually innocent. "A prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013)(citing *House v. Bell*, 547 U.S. 518, 537-38, 126 S.Ct. 2064 (2006)). In *Felder v. Johnson*, the Fifth Circuit held a mere claim of actual innocence is not deemed a rare and exceptional circumstance warranting equitable tolling, "given that many prisoners maintain they are innocent..." *Id*., 204 F.3d at 171. Additionally, Ross fails to show that enforcement of the limitations bar would result in a miscarriage of justice in his case. The miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggen* 133 S.Ct. at 1933. Ross has presented no *new evidence*, he simply argues the DNA evidence which existed at the time he pled guilty is evidence of his innocence. Finally, Ross has made no claim that his illiteracy or mental disorders "prevented [him] in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)).

**RECOMMENDATION**

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, it is the opinion of the undersigned United States Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, be **DISMISSED.**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 2nd day of October, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE